ONOFRIO LAW
Dara L. Onofrio
15 N. Mill Street
Suite 225
Nyack, New York 10960
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                              :
LANCECO INDUSTRIES, INC.,       :            Civil Action No. 12 CV 2519- ER
   d/b/a  C.G. Creations              :
                    Plaintiff,         :
  -  against –                             :            COMPLAINT
                                              :            AND JURY DEMAND
PUGSTER, INC.                               :
                    Defendant       :
                                              :            ECF CASE – Judge Ramos
-------------------------------------------------------x

   Plaintiff Lanceco Industries, Inc., by its undersigned attorneys, for its Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1.  Defendants' blatantly infringing manufacture, sale and advertisement of jewelry designs copied from Plaintiff's copyrighted jewelry design is the basis for this action for copyright infringement, statutory unfair competition and common law and statutory claims under the laws of the State of New York.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act", 15 U.S.C. § 1121, Sections 1331, 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ Sections 1331, 1332(a), 1338(a) and 1338(b), under the principals of supplemental jurisdiction. Venue properly lies in this District under Sections 1391(b) and 1391(c) of the Judicial Code, 28 U.S.C. §§ Sections 1391(b) and 1391(c), because the defendants conduct

business in and/or have substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.  Attached hereto as Exhibit 1 are purchase receipts for sales made in the District.

3. Attached hereto as Exhibit 2 are customer reviews for transactions that took place in New York.

4. Upon information and belief, Defendants transact business in the State of New York, have committed one or more tortuous acts within the State of New York and/or caused injury within the State of New York.  Upon information and belief, Defendants regularly do business or solicit business, or engage in persistent conduct, or derive substantial revenue from goods sold or services rendered, in the State of New York and/or expect or should reasonably expect their conduct to have consequences in the State of New York, and derive substantial revenue from interstate or international commerce.

## PARTIES

5. Plaintiff Lanceco Industries, Inc., d/b/a C.G. Creations ("CG Creations" or "Plaintiff") is a corporation duly organized and existing under the laws of New York with offices at 146 Schoolhouse Road, Chestnut Ridge, New York 10977.  Plaintiff is the owner of copyrights in the jewelry design depicted in Exhibit 3 ("Plaintiff's Copyright").

6. Upon information and belief, defendant Pugster, Inc. ("Pugster") is a corporation duly organized and existing under the laws of California, having its principal place of business at 2835 Sierra Grande, Pasadena, CA 91107.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiff's Activities</u>

7. For over 30 years, CG Creations has been in business engaged in the design, manufacturing and wholesale distribution of Jewelry.

8. CG Creations supplies major retailers, shopping networks, independent Jewelers and Internet sellers.

9. CG Creations is the owner and exclusive distributor of ZABLE® beads, a line of interchangeable modular beads. The ZABLE® brand is well known and ZABLE® products are sold throughout the country and worldwide. Total retail sales of CG Creations merchandise were in excess of 25 Million Dollars in 2010 and over 30 Million Dollars to date in 2011.

10. CG Creations ZABLE® beads are sold at fine retailers in the United States and throughout the world including Kroger Company stores, which is the second largest retailer in the country. The ZABLE® beads are also sold at over 1,000 independent jewelers all over the United States as well as at the www.zablebeads.com website, and through the CG Creations catalog. CG Creations mails the catalog directly to retailers. For the fiscal years ended December 31, 2010 and December 31, 2011, the circulation for the ZABLE® Beads catalogue was approximately 250,000 and 450,000, respectively.

11. As a major wholesaler, CG Creations exhibits annually at major wholesale trade show events, most notably the jewelry industries premier event the international JCK Las Vegas as well as shows in regional shows in Atlanta, Columbus, Miami, Chicago and Dallas.

12. CG Creations spends considerable amounts of money advertising in various media including print and television. In fact, a few days before Mother's Day a paid ZABLE® Beads infomercial aired on the LIFETIME cable network and prominently featured CG Creations MOM bead.

13. The extraordinary success of the ZABLE® products has engendered wide renown within the trade and the public and the products sold under the ZABLE® brand have a reputation for having distinctive designs and being of the highest quality.

14. The original designs created by CG constitute copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

15. Specifically, the LIVE LOVE LAUGH bead was created by CG Creations on September 8, 2008 and is a barrel shaped bead with a unique star design with the LIVE LOVE LAUGH stylized font across the surface of the rounded bead (the "LLL Bead").

16. The unique jewelry design of the LLL Bead is protected under United States Copyright Registration No. VA 1-752-580 which was filed on December 13, 2010. Annexed hereto as Exhibit 3.

17. Specifically, the MOM bead was created by CG Creations on December 1, 2008 and is a heart shaped bead with a unique scroll design and stylized font on the two surfaces of the bead (the "MOM Bead").

18. The unique jewelry design of the MOM Bead is protected under United States Copyright Registration No. VA 1-752-598 which was filed on December 13, 2010. Annexed hereto as Exhibit 4.

19. Specifically, the SIS bead was created by CG Creations on December 1, 2008 and is a heart shaped bead with a unique scroll design and stylized font on the two surfaces of the bead (the "SIS Bead").

20. The unique jewelry design of the SIS Bead is protected under United States Copyright Registration No. VA 1-752-593 which was filed on December 13, 2010. Annexed hereto as

Exhibit 5. The LLL Bead, MOM Bead and SIS Bead registrations are referred to herein collectively as the "Registrations."

21. CG Creations has created over 600 sterling silver beads sold under the ZABLE® brand, most of which are original designs created exclusively by them and includes original LLL Bead, Mom Bead and Sis Bead designs ("CG Creations Jewelry Designs").

22. Plaintiff has complied in all respects with the provisions of the copyright laws of the United States, 17 U.S.C. § 101 et seq. and has secured its rights and privileges in the LLL Bead, MOM bead and SIS bead.

23. The LLL Bead, MOM bead and SIS bead other beads sold under the ZABLE® product line are currently available and sold to retailers throughout this District, this State and the United States as well as internet sellers.

24. ZABLE® beads including the LLL Bead, MOM bead and SIS bead are sold throughout the United States at 350 Fred Meyer Jewelers/Littman Jewelers locations which are a division of Kroger Company Stores which is the second largest retailer in the country.

25. ZABLE® beads including the LLL Bead, MOM bead and SIS bead are also sold by approximately 1000 independent jewelers and by authorized dealers on the internet.

26. In addition, as an authorized retailer of CG Creations ZABLE® Beads, Fred Meyer/Littman Jewelers featured the MOM bead for multiple years as Littman's Featured Mother's day item, annexed hereto as Exhibit 6. Since January 2009 in addition to the 400 Fred Meyer/Littman stores, the copyrighted MOM bead was available nationwide through approx 1,000 independent jewelers and on CG Creations website.

B.     Defendants' Unlawful Activities

27.     Upon information and belief, Defendant Pugster is a retailer and wholesaler of jewelry, which sells directly to consumers and sells wholesale to retailers in the United States.

28.     Upon information and belief, Defendant manufactured, advertised, and sold a LLL bead (the "Infringing LLL Bead"), that was virtually identical, or highly similar to the design and shape featured in the copyrighted CG Creations' LLL Bead.  The Infringing LLL bead was advertised on Amazon.com as shown in a photograph attached as Exhibit 7 to this Complaint. This photograph shown in Defendants Amazon.com advertisement shows a LLL Bead that is exactly the same as CG Creations LLL Bead, and actually appears to be CG Creations LLL Bead photograph itself.

29.     Plaintiff recently ordered an Infringing Bead from Defendant. The product received did not match the bead quality as advertised on Amazon.com but rather was an inferior quality bead. Defendant is misleading consumers to believing they were purchasing a ZABLE® product when in fact they were purchasing an inferior counterfeit bead and infringing copy. Exhibit 8 to this Complaint is a side-by-side comparison of the original, copyrighted LLL Bead, the Pugster LLL Bead as advertised on Amazon.com and the actual Pugster LLL Bead purchased. As can be seen, the Pugster piece advertised is exactly the same as CG Creations LLL Bead, however, the actual Pugster LLL Bead while substantially the same as the CG Creations LLL Bead, appears to be a lesser quality product.

30.     Upon information and belief, Defendant displayed, sold, distributed, advertised and promoted the Infringing LLL bead.

31.     Upon information and belief, Defendant continues in the display, sale, distribution, advertising and promotion of the Infringing LLL bead.

32. Upon information and belief, Defendants had access to the CG Creations Jewelry Designs, including the LLL Bead, and intentionally copied or caused to be copied the design and shape and used identical, or nearly identical, designs for the Infringing LLL Bead.

33. Upon information and belief, Defendants copied or caused to be copied the LLL Bead for the specific purpose of infringing Plaintiff's copyright and selling illegal and unauthorized copies of the LLL Bead.

34. In early December 2010, Plaintiff discovered an Amazon.com sales listing by Defendant for a MOM bead (the "Infringing Mom Bead"), that was virtually identical, or highly similar to the design and shape featured in the copyrighted CG Creations MOM Bead. Annexed hereto as Exhibit 9.

35. In early December 2010, Plaintiff discovered an Amazon.com sales listing by Defendant for a SIS bead (the "Infringing SIS Bead"), that was virtually identical, or highly similar to the design and shape featured in the copyrighted CG Creations SIS Bead. Annexed hereto as Exhibit 10.

36. On December 14, 2010, Defendant was sent a certified letter return receipt requested (and received) formally advising them of Plaintiff's rights in the infringed items and a demand was made that Defendants cease all display, sale, distribution, advertising and promotion of the Infringing MOM and SIS Beads.  See Exhibit 11.

37. They failed to do so and did not respond.

38. On or about December 2010, Plaintiff formally advised the legal department at Amazon.com of Defendants Infringing MOM and SIS Beads listings.  A short while thereafter the infringing listings were removed by the legal department at Amazon.com.

39.     On or about February 2012 Plaintiffs discovered that the Infringing MOM and SIS beads were still being sold by Defendant on their website www.pugster.com. See Exhibit 12.

40.     Upon information and belief, Defendant displayed, sold, distributed, advertised and promoted the Infringing MOM bead and Infringing SIS bead.

41.     Upon information and belief, Defendants continue in the display, sale, distribution, advertising and promotion of the Infringing MOM bead and Infringing SIS bead.

42.     Upon information and belief, Defendants are attempting to pass their products off as Plaintiff's products in a manner calculated to deceive Plaintiff's customers and members of the general public in that Defendants have copied or caused to be copied the LLL Bead, MOM Bead and SIS Bead in an effort to make Defendants' infringing products confusingly similar to Plaintiff's products and/or pass off Plaintiff's products as Defendants' own products.

43.     Upon information and belief, Plaintiff has lost and will continue to lose substantial revenues from the sale of the Infringing LLL Bead, MOM Bead, SIS Bead and other products and will sustain damage as a result of Defendants' wrongful conduct and Defendants' production and sale of the Infringing LLL Bead, MOM Bead, SIS Bead.  Defendants' wrongful conduct has also deprived and will continue to deprive Plaintiff of opportunities for expanding its goodwill. Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the CG Creations Jewelry Designs, including the LLL Bead, MOM Bead, SIS Bead and works derived from them.

44.     Defendants may have advertised or promoted the sale of the Infringing LLL Bead, MOM Bead, SIS Bead through one or more methods.

45. As a direct and proximate result of the acts of Defendants alleged above, Plaintiff has already suffered irreparable damage and have sustained lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and sustain lost profits until Defendants' actions alleged above are enjoined by this Court.

FIRST CLAIM FOR RELIEF
COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)

46. Plaintiff realleges paragraphs 1 through 45 above and incorporates them by reference as if fully set forth herein.

47. The CG Creations LLL Bead, MOM Bead and SIS Bead Jewelry Designs are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States' copyright laws. CG Creations is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the LLL Bead, MOM Bead and SIS Bead Jewelry Design.

48. The unique jewelry design of the LLL Bead is protected under United States Copyright Registration No. VA 1-752-580 which was filed on December 13, 2010. Annexed hereto as Exhibit 4.

49. The unique jewelry design of the MOM Bead is protected under United States Copyright Registration No. VA 1-752-598 which was filed on December 13, 2010. Annexed hereto as Exhibit 5.

50. The unique jewelry design of the SIS Bead is protected under United States Copyright Registration No. VA 1-752-593 which was filed on December 13, 2010. Annexed hereto as Exhibit 6. The LLL Bead, MOM Bead and SIS Bead registrations are referred to herein collectively as the "Registrations".

51.     The Registrations were effective prior to the commencement of infringement, as described below, by Defendants.

52.     Upon information and belief, as a result of the open use, display and sale of the copyrighted LLL Bead, MOM Bead and SIS Bead Jewelry Designs, Defendants had access to the CG Creations LLL Bead, MOM Bead and SIS Bead Jewelry Designs prior to the sale or distribution of the Infringing LLL Bead, MOM Bead and SIS Bead.

53.     Upon information and belief, Defendants, without the permission or authorization of CG Creations, have continued to reproduce original elements of the copyrighted CG Creations Jewelry Designs and to promote and offer for sale the LLL Beads, MOM Beads and SIS Beads.

54.     Upon information and belief, Defendants have profited from the sales of the infringing Jewelry Beads, which feature shape and designs identical or virtually identical to the shape and designs featured on Plaintiff's copyrighted LLL Bead, MOM Bead and SIS Bead.

55.     Upon information and belief, unless enjoined by the this Court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from Plaintiff's copyrighted LLL Bead, MOM Bead and SIS Bead.

56.     The natural, probable and foreseeable result of Defendants' wrongful conduct has been and continues to be to deprive CG Creations of the rights and benefits granted to it under copyright, including the exclusive right to use, reproduce and exploit CG Creations copyrights in the LLL Bead, MOM Bead and SIS Bead and to create derivative works based on the designs, and to deprive CG Creations of the goodwill in the copyrights, and to injure CG Creation's relations with present and prospective customers.

57.     By their actions, as alleged above, Defendants have infringed and violated CG Creations exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by

producing, distributing and selling beads that bear images and designs that are strikingly, or substantially, similar to CG Creations copyrighted Jewelry Designs and LLL Bead, MOM Bead and SIS Bead, all without CG Creation's authorization or consent.

58. Upon information and belief, Defendants' infringement of CG Creation's copyrights is willful and deliberate and Defendants have profited at the expense of CG Creation.

59. Defendants' conduct has caused and will continue to cause damages to CG Creations.

60. Defendants' conduct has caused and will continue to cause irreparable injury to CG Creations unless enjoined by this Court. CG Creations has no adequate remedy at law.

SECOND CLAIM FOR RELIEF
FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

61. Plaintiff realleges paragraphs 1 through 60 above and incorporate them by reference as if fully set forth herein.

62. The Infringing LLL Bead, Infringing MOM Bead and Infringing SIS Bead sold by Defendants use copies, variations, simulations or colorable imitations of Plaintiff's Jewelry Design and constitutes false designations of origin, false descriptions and representations of goods sold by Defendants and false representations that Defendants' goods are sponsored, endorsed, licensed or authorized by, or affiliated or connected with Plaintiff.

63. Upon information and belief, Defendants have used copies, variations, simulations or colorable imitations of Plaintiff's CG Creations Jewelry Design with full knowledge of Plaintiff's copyrights in the LLL Bead, MOM Bead and SIS Bead.

64. Upon information and belief, Defendants have knowingly adopted and used copies, variations, simulations or colorable imitations of Plaintiff's CG Creations Jewelry Design with full knowledge of Plaintiff's copyrights in the LLL Bead, MOM Bead and SIS Bead.

65. Upon information and belief, Defendants Infringing LLL Bead, MOM Bead and SIS

Bead are of inferior quality to the Plaintiff's LLL Bead, MOM Bead and SIS Bead.

66. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

67. Defendants' conduct has caused and will continue to cause damages to CG Creations.

68. Defendants' conduct has caused and will continue to cause irreparable injury to CG Creations unless enjoined by this Court. CG Creations has no adequate remedy at law.

THIRD CLAIMS FOR RELIEF
COMMON LAW UNFAIR COMPETITION

69. Plaintiff realleges paragraphs 1 through 68 above and incorporate them by reference as if fully set forth herein.

70. Upon information and belief, Defendants were aware of Plaintiff's copyright in the CG Creations Jewelry Designs and adopted and used the LLL Bead, MOM Bead and SIS Bead Designs in disregard of Plaintiff's intellectual property rights. Upon information and belief, the sale by Defendants of the Infringing LLL Bead, MOM Bead and SIS Bead has resulted in the misappropriation of and trading upon the products of Plaintiff's creative energy, labor and good will, consumer confusion and the passing off of Plaintiff's creations and designs as products of the Defendants. The effect of Defendants' misappropriation of the Plaintiff's goodwill symbolized by the LLL Bead, MOM Bead and SIS Bead is to unjustly enrich Defendants, damage Plaintiff and confuse and/or deceive the public.

71. Upon information and belief, Defendants Infringing LLL Bead, MOM Bead and SIS Bead are of inferior quality to the Plaintiff's LLL Bead, MOM Bead and SIS Bead.

72. Defendants' conduct has caused and will continue to cause damages to CG Creations.

73. The Defendants' conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless

enjoined by this Court. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law §349)

74. Plaintiff realleges paragraphs 1 through 73 above and incorporate them by reference as if fully set forth herein.

75. By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

76. Upon information and belief, Defendants Infringing LLL Bead, MOM Bead and SIS Bead are of inferior quality to the Plaintiff's LLL Bead, MOM Bead and SIS Bead.

77. The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendants.

78. Defendants' conduct has caused and will continue to cause damages to CG Creations.

79. Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiff. The Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## FALSE ADVERTISING (N.Y. General Business Law §350)

80. Plaintiff realleges paragraphs 1 through 79 above and incorporate them by reference as if fully set forth herein.

81. By reason of the acts and practices set forth above, Defendants have intentionally willfully made, published, disseminated, circulated, and placed before the purchasing public advertisements containing false, deceptive, and misleading statements in the context of commercial marketing in the State of New York and elsewhere in violation of § 350 of the New

York General Business Law.

82.     Upon information and belief, Defendants Infringing LLL Bead, MOM Bead and SIS Bead are of inferior quality to the Plaintiff's LLL Bead, MOM Bead and SIS Bead.

83.     By reason of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill.

84.     Defendants' conduct has caused and will continue to cause damages to CG Creations.

85.     Unless enjoined by the Court, Defendants will continue said false advertising and causing immediate and irreparable damage to the Plaintiff.  The Plaintiff has no adequate remedy at law.

SIXTH CLAIM FOR RELIEF
UNJUST ENRICHMENT

86.     Plaintiff realleges paragraphs 1 through 85 above and incorporate them by reference as if fully set forth herein.

87.     By reason of the acts and practices set forth above, Plaintiff has been denied financial compensation and credit in connection with the designs of the LLL Bead, MOM Bead and SIS Bead.

88.     Defendants' conduct has caused and will continue to cause damages to CG Creations.

89.     Defendants have been enriched by the use of the designs of the LLL Bead, MOM Bead and SIS Bead at the Plaintiff's expense.  The circumstances are such that equity and good conscience require the Defendants to make restitution in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment as follows:

1.      Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from

(a) manufacturing, selling, distributing, advertising, promoting or authorizing any third party to manufacture, sell, distribute, advertise or promote the Infringing Beads or any other item that infringes Plaintiff's rights;

(b) directly or indirectly infringing Plaintiff's Copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the CG Creations Jewelry Designs or Plaintiff's Copyrights or to participate or assist in any such activity;

(c) continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, promote, reproduce, develop, manufacture, import, or contribute to or actively participate in the marketing, offering, sale, disposition, licensing, transferring, exploiting, advertising, promotion, reproduction, development, manufacture or importation of any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted CG Creations Jewelry Beads or any design substantially similar thereto or derived therefrom;

(d) selling, using or authorizing any third party to sell or use any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Jewelry Designs in any manner or form, or the marketing, advertising or promotion of same;

(e) imitating, copying or making any unauthorized use of Plaintiff's Jewelry Beads or any copy, simulation, variation or imitation thereof;

(f) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant's goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(g)     using or authorizing any third party to use in connection with the rendering, offering, advertising, promotion or importation of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiff or tend to do so;

(h)     diluting the distinctive quality of Plaintiff's Jewelry Designs;

(i)     registering or applying to register as a copyright, trademark, service mark, trade name or other source identifier or symbol of origin of any copyright, mark, trade dress or name that infringes on or is likely to be confused with Plaintiff's Copyrights or marks;

(j)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights; and

(k)     aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (j).

2.     Requiring Defendants to formally abandon with prejudice any and all applications to register any copyrights consisting of, or containing, any aspect of the Infringing Beads either alone or in combination with other words and/or designs.

3.     Requiring Defendants to formally abandon with prejudice any and all applications to register any trademark or service mark consisting of any aspect of the Infringing Beads either alone or in combination with other words and/or designs.

4.     Requiring Defendants to recall immediately the Infringing Beads and any and all advertisements therefore, from all of their distributors, retail establishments or wholesale establishments wherever located in the U.S., and to direct all such distributors, retail establishments or wholesale establishments to cease forthwith the distribution or sale of the Infringing Beads, and to immediately remove all Infringing Beads from public access.

5. Directing that Defendants abandon their current practice of infringing misappropriating, and/or copying the designs of any CG Creations Jewelry Designs, and/or any original elements thereof, in connection with Pugster or any other business owned or operated by any of the Defendant.

6. Directing that Defendants deliver for destruction all products and goods, advertisements for such, and other related materials in their possession, or under their control, constituting, incorporating or bearing simulations, variations or colorable imitations of Plaintiff's Jewelry Designs, used alone or in combination with other words and/or designs.

7. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's products.

8. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants has complied herewith.

9. Awarding Plaintiff such damages as they have sustained or will sustain by reason of Defendants' actions including but not limited to copyright infringement, unfair competition, and unfair trade practices.

10. Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

11. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by

Defendants from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each infringement.

12. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement.

13. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorney's fees as provided in 17 U.S.C. § 505 and 15 U.S.C. § 1117.

14. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R.Civ. P. 38.

Dated: Nyack, New York
April 3, 2012

        Respectfully submitted,

        Onofrio Law

        By: /Dara L. Onofrio/_____
        Dara L. Onofrio (dlo5548)
        15 N. Mill Street, Suite 225
        Nyack, New York 10960
        845-613-0880
        Attorneys for Plaintiff Lanceco Industries, Inc.
        d/b/a CG Creations

        Judith Lisa Bachman, Esq.

        By: /Judith Bachman/_____
        Judith Bachman (jlb4027)
        254 S. Main Street, Suite 406
        New City, New York 10956
        845-639-3210
        Attorneys for Plaintiff Lanceco Industries, Inc.
        d/b/a CG Creations